Lawrence Newmark, J.
Plaintiff has brought this suit against defendant upon an unpaid balance for services rendered in the amount of $197.50. The actual amount requested is $131, $84.90 having been previously paid to plaintiff by defendant. The services in question were apparently rendered on September 19, 1973 and September 24, 1973.
The question presented is whether a person who is placed under arrest by the Suffolk County Police Department is personally liable for the cost of medical services performed while under arrest or is this the responsibility of the arresting agency?
A prisoner confined in a county jail, in New York, may receive medical or surgical treatment in a hospital upon the order of the County Judge or a Justice of the Supreme Court ordering the removal and designating the hospital. However, in case of an emergency the Sheriff may order the prisoner’s removal to a hospital, pending the issuance of the court’s order. The statute further provides that where a city or county maintains and operates a public general hospital containing a prison ward, approved by the State Department of Correction, the Sheriff may make such removal without such an order. (Correction Law, § 508; 46 NY Jur Prisons, Jails, and Prisoners, § 47.)
The State Comptroller has ruled that the county is liable for medical treatment of a prisoner who is in custody when the obligation is incurred, and that hospital and funeral expenses of a prisoner in the custody of city police are a charge against the city (see 18 Opns St Comp, 1962, p 234). In volume 11 of the Opinions of the State Comptroller (1955, p 497), it was held that the Sheriff’s office should be charged with the cost of *749 providing medical and hospital care for prisoners taken ill while confined in the county jail.
The case presently before this court would seem to be distinguished from those cases dealing with prisoners in the county jail, in that the defendant in this case had just been arrested and was in custody of the Suffolk County Police Department.
This court was unable to find any New York case in point.
In the case of Mitchell v Tallapoosa County (30 Ala 130), it was held that in the absence of a statute fixing liability on a county for medical attention, drugs or medicine furnished prisoners in the county jail, the county was not liable to a physician for medical services rendered at the request of the Sheriff to prisoners confined in the county jail who were shown to be insolvent, such services not having been rendered at the request of the county or the court of county commissioners.
Since that decision statutory provisions in that jurisdiction have somewhat modified the law. (See 44 ALR 1286.)
The departmental procedure of the Suffolk County Police Department with respect to treatment of injuries is as follows: (1) where the injury occurs as a result of or during the arrest, the police presently pay for all medical expenses incurred as a result thereof; (2) where the injury occurs clearly before arrest, and in no way is a result of the arrest, then that injury is considered an independent act precedent to the arrest, in which the police consider themselves third parties. In those situations the defendant bears the burden of the expense.
In addition to the facts set forth in the stipulated set of facts submitted to the court, the court has taken judicial notice of its case number 1015579, the charge of driving while intoxicated which caused the defendant to be in custody at the time the facts herein occurred.
It is clear that the defendant was injured prior to his arrest. At the hospital he sought to refuse treatment, but received it nonetheless.
Based upon the foregoing the police department followed its procedures and apparently refused to pay for the treatment given to the defendant. Thus, we return to the question of the defendant’s liability for the treatment that he received at the plaintiff hospital while in police custody. In determining the question we must apply basic principles of the contract law. In *750 doing so, there are three possibilities: (1) if defendant acquiesced in the medical treatment he impliedly consented to it and should be charged for the services; (2) if he overtly consented to the medical treatment, naturally he should be charged accordingly; (3) if, however, he refused, it would be unjust to charge the defendant for medical services which were forced upon him. (See 9 NY Jur, Contracts, § 2, and 45 NY Jur, Physicians and Surgeons, §§ 117, 124, 125.)
Based upon the foregoing this court has no alternative other than to grant judgment to . the defendant, dismissing the complaint after trial.